**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 29 2013



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEROZA BILKIS and RUMANA ISLAM, | No. 08-73697 |
| Petitioners, | Agency Nos. A079-541-788 |
| | A079-541-789 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2013[**]
San Francisco, California

Before: FISHER and NGUYEN, Circuit Judges, and GARBIS, Senior District
Judge.[***]

Feroza Bilkis and Rumana Islam appeal the Board of Immigration Appeals'

("BIA") decision affirming the Immigration Judge's ("IJ") denial of their

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Marvin J. Garbis, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

consolidated applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

On appeal, Petitioners present no argument that the Bangladeshi government is unwilling or unable to control the alleged persecutors. As a result, the argument is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996). Because we deny review of Petitioners' asylum and withholding claims on this independently dispositive ground, we need not address their remaining arguments. *See Rahimzadeh v. Holder*, 613 F.3d 916, 920 (9th Cir. 2010) ("[T]o demonstrate persecution . . . [for purposes of asylum], the applicant must show that abuse was committed by the government or forces the government is either unable or unwilling to control." (internal quotation marks omitted)); *Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004) (explaining that to establish eligibility for non-discretionary withholding of removal, a petitioner must show that the source of the persecution is either "the government or . . . persons . . . which the government is unable or unwilling to control").

Petitioners have also waived their CAT claim by failing to meaningfully challenge its denial on appeal. *See Castro-Martinez v. Holder*, 674 F.3d 1073, 1082–83 (9th Cir. 2011).

**PETITION DENIED.**